UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
HERSH RUTNER, individually and on behalf
of all others similarly situated,                                    Civil Action No.:

                          Plaintiff(s),
      -against-                                                     **CLASS ACTION COMPLAINT**


AMERICAN CORADIUS INTERNATIONAL,
LLC D/B/A ACI                                                         **JURY TRIAL DEMANDED**


                     Defendant(s).
-------------------------------------------------------------------

Plaintiff, HERSH RUTNER (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through the undersigned attorneys, against Defendant AMERICAN CORADIUS INTERNATIONAL, LLC D/B/A ACI (hereinafter "Defendant" or "ACI"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of

jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its registered agent Corporation Service Company located at 211 E. 7th Street, Austin, Texas 78701.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to December 12, 2017, an obligation was allegedly incurred on a PayPal account.

14. The alleged obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. PayPal or subsequent owner of the debt contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal

purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. On or about December 12, 2017, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged debt. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the alleged debt.

20. Plaintiff received the letter and read it. The Letter stated in part:

> "Creditor: COMENITY CAPITAL BANK
>
> Original Creditor:   CHASE BANK USA, N.A."

21. The Letter further stated:

> "We are writing to you regarding your PayPal Credit account. The servicer of PayPal Credit accounts is Bill Me Later, Inc."

22. Plaintiff, a least sophisticated consumer, read the above and was left unsure as to who the creditor to whom the debt was currently owed to; Comenity, Chase Bank, PayPal Credit, and/or Bill Me Later, Inc.

23. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

24. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

25. The December 12, 2017 letter left the Plaintiff unsure as to who the alleged debt was owed to.

26. Congress adopted the debt validation provisions of section 1692g to guarantee that

consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

27. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

28. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

29. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

30. Furthermore, upon information and belief, Plaintiff never had a PayPal Credit account that originated with Chase Bank USA.

31. Pursuant to the FDCPA, a debt collector may not make any false, deceptive or misleading representations in connection with the collection of a debt. *See* 15 U.S.C. §1692e.

32. By innacurately listing Chase Bank as the original creditor, Defendant caused the Plaintiff a real risk of harm.

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## **CLASS ALLEGATIONS**

34. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

35. Class A consists of (a) all individuals with addresses in the State of New York (b) to whom Defendant (c) sent an collection letter attempting to collect an alleged consumer debt (d)

that incorrectly listed Chase Bank USA as the original creditor (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

36. Class B consists of (a) all individuals with addresses in the State of New York (b) to whom Defendant (c) sent an initial collection letter attempting to collect an alleged consumer debt (d) that did not clearly state the creditor to whom the debt was owed to (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

38. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e and/or 1692g.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and/or 1692g.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10) and 1692e(12).

47. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any

false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. The Defendant violated said provision by:

    a. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

    b. Falsely representation that accounts have been turned over to innocent purchasers for value in violation of 15 U.S.C. §1692e(12).

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

50. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

53. The Defendant violated section 1692g(a)(2) by failing to clearly and concisely identify the current creditor.

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 22, 2018

By: /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com

By: /s/ Daniel C. Cohen

Daniel C. Cohen, Esq.
COHEN & MIZRAHI LLP
300 Cadman Plaza W, 12th Floor

Brooklyn, New York 11201  
Phone: (929) 575-4175  
Facsimile: (929) 575-4195  
Email: dan@cml.legal

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 22, 2018

/s/  Yitzchak Zelman